UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------

| | |
|---|---|
| SEAN RIERSON MARTIN, | : **ECF CASE** |
| | : |
| Plaintiff, | : Civil Action No.: 1:15-cv-09292 (TPG) |
| | : |
| - against - | : |
| | : |
| DEUTSCHE BANK SECURITIES, INC., | : |
| | : |
| Defendant. | : |
| | : |

----------------------------------------------------------------

**DEFENDANT'S MEMORANDUM IN LAW IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S PETITION TO VACATE ARBITRATION AWARD AND TO
STAY BRIEFING OF PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD**

Of Counsel:
    Cliff Fonstein
    Scott Rabe

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
*Attorneys for Defendant Deutsche Bank Securities, Inc.*

22946925v.2

Defendant Deutsche Bank Securities Inc. ("Defendant"), by its undersigned counsel, respectfully submits this memorandum of law in support of its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Petition of Plaintiff Sean Rierson Martin ("Plaintiff") to Vacate Arbitration Award.

## PRELIMINARY STATEMENT

The Court's resolution of this matter should be quite straightforward. Plaintiff asks the Court to vacate the arbitration award entered and delivered by the Financial Industry Regulatory Authority ("FINRA") on August 28, 2015 that denied Plaintiff's claims in their entirety. Plaintiff seeks relief with this court pursuant to the Federal Arbitration Act ("FAA"). The FAA requires that notice of a motion to vacate an arbitration award be *served* on the adverse party within *three months after the award is filed and delivered*. In this case, it is undisputed that Plaintiff served Defendant with its Petition to Vacate Arbitration Award and notice of its motion to vacate the award on December 4, 2015, more than three months after its deadline to do so. Neither the FAA nor courts in this Circuit have recognized any exception to this strict statute of limitations requirement. Accordingly, Defendant's motion should be granted and Plaintiff's Petition to Vacate Arbitration Award should be dismissed. Additionally, in the interest of efficiency for all Parties and the Court, briefing on Plaintiff's Motion to Vacate Arbitration Award should be stayed pending resolution of this motion.

## STATEMENT OF THE FACTS

On October 26, 2012, Claimant filed a Statement of Claim ("SOC") with FINRA alleging that Defendant retaliated against him after he raised concerns in January 2010 regarding potential

-1-

22946925v.2

improper use of squawk boxes by an employee of Defendant, Heidi Guldbrandsen.  (Pet. ¶ 24; Ex. E at ¶¶ 1, 3.)[1]  Defendant answered the SOC denying Plaintiff's claims.  (Pet. ¶ 25.)

The arbitration proceeded to hearing, and the Parties appeared before a three-member Panel, consisting of Public Arbitrator/Presiding Chairperson Joel P. Mellis, Public Arbitrator Richard Adam Young, and Non-Public Arbitrator Marleen H. Levi (collectively, the "Panel").  (Pet. at 1; Ex. A.)  The arbitration hearing occurred over twelve dates between March 4, 2014 and August 19, 2015.  (Ex. A.)

On August 28, 2015, FINRA served the parties via email with the arbitration award denying Claimant's claims in their entirety.  (Pet. at 1 n.1; Ex. A.)  The award included the signature of two arbitrator joining in the award, Joel P. Mellis and Richard Adam Young.  (Pet. at 1 n.1; Ex. A.)  On September 23, 2015, the signature of the third arbitrator joining in the award, Marleen Levi, was served on the parties by FINRA.  (Pet. at 1 n.1; Ex. A.)

On November 24, 2015, Plaintiff filed with this Court a Petition to Vacate Arbitration Award and accompanying exhibits and a Memorandum of Law.  (ECF Nos. 1,2.)  Plaintiff served Defendant with the Petition, the supporting documents, and the Memorandum of Law on December 4, 2015.  (ECF No. 7.)

## ARGUMENT

**I.    Plaintiff's Petition Should Be Dismissed as Untimely**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."

---

[1]    Citations to Petition ("Pet.") and Exhibits ("Ex.") are to the Petition and appended Exhibits filed with this Court as ECF Docket No. 1.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 1949) (2009).  A motion to dismiss is an appropriate procedural vehicle for resolving claims that are time-barred on their face.  *See Lobaito v. Chase Bank*, No. 11 CIV. 6883 PGG, 2012 WL 3104926, at *2 (S.D.N.Y. July 31, 2012), *aff'd*, 529 F. App'x 100 (2d Cir. 2013).  A district court ruling on a Rule 12(b)(6) motion to dismiss may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint, as well as matters of public record.  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, (2d Cir. 2010); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998).

      Section 12  of the Federal Arbitration Act ("FAA") provides that "Notice of a motion to vacate ... an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  "If the adverse party is a resident of the district within which the award was made," as Defendant is here (Pet. ¶ 11), "such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court."  *Id.*

      The three month deadline set for in Section 12 of the FAA is a "strict deadline."  *See Argentine Republic v. Nat'l Grid Plc*, 637 F.3d 365, 368 (D.C. Cir. 2011), *cert. denied*, 132 S.Ct. 761, 181 L.Ed.2d 484 (2011).  As the Second Circuit explains, under the terms of the statute, "a party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run . . . ."  *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984).  Furthermore, the Second Circuit instructs that "[n]o exception to this three month limitations period is mentioned in the statute."  *Id.*  Applying this rationale, courts in the Second Circuit have determined that "[t]he period provided for is a statute of limitations and the failure to bring

a timely motion is an absolute bar to an application seeking vacatur or modification." *Kruse v. Sands Bros. & Co., Ltd.*, 226 F.Supp.2d 484, 487 (S.D.N.Y. 2002); *see also M.J. Wood, Inc ., v. Conopco, Inc.*, 271 F.Supp.2d 576 (S.D.N.Y.2003) (noting that failure to seek vacatur within the three month period prescribed by statute waives all defenses and requires that the award be confirmed).

For these reasons, courts in this jurisdiction have routinely denied motions to vacate arbitration awards that were served after the three month deadline set forth in Section 12. *See, e.g., Florasynth*, 750 F.2d at 175 (affirming district court determination that motion to vacate was untimely when raised more than four months after delivery of award); *Triomphe Partners, Inc. v. Realogy Corp.*, No. 10 Civ. 8248(PKC), 2011 WL 3586161, *2–3 (S.D.N.Y. Aug. 15, 2011) (granting motion to dismiss petition to vacate award served three months and one day after delivery); *Waveform Telemedia, Inc. v. Panorama Weather N. Am.*, No. 06 CIV. 5270 CMMDF, 2007 WL 678731, at *5,9 (S.D.N.Y. Mar. 2, 2007) (adopting Magistrate's report and recommendation denying cross-petition to vacate arbitration award served three months and 23 days after delivery); *Lobaito*, 2012 WL 3104926, at *5 (dismissing complaint framed as motion to vacate arbitration award that was served seven months after delivery of arbitration award); *Ne. Sec., Inv. v. Quest Capital Strategies, Inc.*, No. 03 CIV.2056 RWS, 2003 WL 22535093, at *2 (S.D.N.Y. Nov. 7, 2003) (dismissing pro se plaintiff's motion to vacate arbitration award as untimely); *Funcia v. NYSE Group*, No. 07 Civ. 1745(RWS), 2007 WL 4276897, at *3 (S.D.N.Y. Dec. 3, 2007) (same).

Here, there can be no question that Plaintiff's petition to vacate the arbitration award is untimely pursuant to FAA Section 12, because Plaintiff did not serve Defendant with the Petition

or notice of its motion to vacate the award within three months of delivery of the award.  The arbitration award was filed and delivered to the Parties via email on August 28, 2015.  (Pet. at 1 n.1, Ex. A.)[2]  Email service of the award is an effective method of delivery under FINRA Rules.  FINRA Rule 13904(c).  Therefore, pursuant to Section 12, to be timely, Plaintiff would have needed to serve the Petition on or before November 27, 2015.  *See GS Equities, Ltd. v. Blair Ryan Co.*, No. 08 CIV.1581 CM, 2011 WL 3278909, at *2 (S.D.N.Y. July 26, 2011) (noting that three month limitations period requires that motion be filed on the last day of the third month following the delivery of the award).  Plaintiff did not do so.  The Petition was not served until December 4, 2015, 6 days after the deadline passed.  (ECF No. 7.)  Accordingly, Plaintiff's Petition should be dismissed.  *Florasynth*, 750 F.2d at 175; *Triomphe Partners*, 2011 WL 3586161, *2–3; *Waveform Telemedia, Inc.*, 2007 WL 678731, at *5, 9; *Lobaito*, 2012 WL 3104926, at *5; *Ne. Sec.*, 2003 WL 22535093, at *2; *Funcia,* 2007 WL 4276897, at *3.

      Plaintiff cannot save his untimely claim by arguing that equitable tolling should apply in this case, as equitable tolling does not apply in the FAA context.  *Triomphe Partners*, 2011 WL 3586161, at *3 (noting that "there is no common law exception to the three month limitations period on the motion to vacate" (quoting *Florasynth*, 750 F.2d at 175)); *Florasynth*, 750 F.2d at 175 ("The action to enforce an arbitration award is a creature of statute and was unknown in the common law."); *Waveform Telemedia, Inc. v. Panorama Weather N. Am.*, No. 06 CIV. 5270 CMMDF, 2007 WL 678731, at *5 (S.D.N.Y. Mar. 2, 2007) ("There are no exceptions to [the three month statute of limitations]").

---

[2]    The fact that the third arbitrator signature was not delivered until September 23, 2015 does not alter the result here because under FINRA Rules, an award is valid and final when it is in writing and signed by a majority of the arbitrators.  FINRA Rule 13904(a).

Accordingly, Plaintiff's Petition to Vacate Arbitration Award is untimely and should be dismissed.

## II. Briefing on Plaintiff's Motion to Vacate Arbitration Award Should Be Stayed Pending Resolution of This Motion

At the same time Plaintiff served Defendant with its Petition to Vacate Arbitration Award, it served a Memorandum of Law in Support of Petition to Vacate Arbitration Award. (ECF No. 7.)  No briefing schedule has been set in connection with the motion.  Because Defendant's motion, if granted, would result in the dismissal of Plaintiff's Petition and obviate the need for briefing on Plaintiff's motion, in the interest of efficiency for the Court and the Parties briefing on Plaintiff's Motion to Vacate should be stayed pending resolution of this motion.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court (i) grant Defendant's motion, (ii) dismiss Plaintiff's Petition to Vacate Arbitration Award, (iii) stay briefing on Plaintiff's Motion to Vacate Arbitration Award pending resolution of this motion, and (iv) grant such other and further relief as the Court may deem just and proper..

Dated: New York, New York
December 16, 2015

>Respectfully submitted,
>SEYFARTH SHAW LLP
>By: */s/*    Scott Rabe                              _
>   Cliff Fonstein
>   Scott Rabe
>   620 Eighth Avenue, 32nd Floor
>   New York, New York 10018
>   Tel: (212) 218-5500
>   Fax: (212) 218-5526
>   cfonstein@seyfarth.com
>   srabe@seyfarth.com
>
>   *Attorneys for Defendant Deutsche Bank Securities, Inc.*